FILED
2008 Jul-01 PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| v.                         ) | |
| RODERICK HINDS             ) | 4:00-CR-353-JHH-HGD |
|                            ) | |

MEMORANDUM OF OPINION REGARDING ORDER
DENYING MOTION FOR SENTENCE REDUCTION

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion, on April 23, 2008, requesting that this court modify or reduce his sentence based on "Amendment #12," but which was Amendment 709 in the November 1, 2007, U. S. Sentencing Guidelines Supplement to Appendix C.[1]

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to

---

[1] Although the movant's motion makes a reference to Amendment 9, commonly called "the crack amendment," a close reading of his motion shows that he is only asking for relief pursuant to Amendment 12 which revised the manner in which certain criminal history points are calculated in Chapter 4 of the Sentencing Guidelines. As will be discussed in more depth below, the amendments to the Sentencing Guidelines which are made retroactive can be found at U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement). Amendment 709 was not made retroactive in the November 1, 2007, Guidelines Manual. Nor has it been made retroactive by subsequent action of the U.S. Sentencing Commission (hereinafter the U.S.S.C.).

1

about 80:1 within the Guidelines framework.

This, and Amendment 709, were two of several proposed amendments. All of the proposed amendments became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c). At no time, however, did the U. S. Sentencing Commission make Amendment 709 retroactive.

With that background, the court now turns to the current motion (Doc. #35) of Roderick Hinds to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of Amendment 709. As stated, however, the Sentencing Commission did not make Amendment 709 in the Manual dated November 1, 2007, and has done nothing since that time to make it retroactive.[3]

A separate order will be entered. The movant's attention is directed to the "Notice Concerning Appeals" set out below.

NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding;

---

[2] At this point, none of the amendments included in the 2007 manual had any retroactive application.

[3] By contrast, Amendment 706, "the crack amendment," was made retroactive by subsequent action of the Commission by way of Amendment 712.

therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R.App. P.* 4(b)(1)(A)(i).  If defendant was represented by appointed counsel at trial or on appeal, defendant is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If defendant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, defendant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide defendant with an application to proceed *in forma pauperis* form.

**DONE** this the   1st     day of July, 2008.

*James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE